IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

HEATH R. LUCY                                                      PLAINTIFF

      v.                              CIVIL NO. 10-3104

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                   DEFENDANT

### MEMORANDUM OPINION

      Plaintiff, Heath R. Lucy, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

**I.**    **Procedural Background:**

      Plaintiff protectively filed his current applications for DIB and SSI on July 18, 2008,

alleging an inability to work since June 20, 2008, due to a broken hip and a pelvic fracture.  (Tr.

119, 122, 143).  For DIB purposes, Plaintiff maintained insured status through June 30, 2008.

An administrative hearing was held on January 21, 2010, at which Plaintiff appeared with

counsel and testified. (Tr. 22-58).

      By written decision dated July 19, 2010, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 11).

Specifically, the ALJ found Plaintiff had the following severe impairments: residual effects of

a pelvis and left hip fracture, status-post ORIF; a cognitive disorder; a mood disorder, NOS; an anxiety disorder, NOS; a disruptive disorder, NOS; and a personality disorder, NOS.  However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 11).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he is limited to only occasional climbing of ramps and stairs; no climbing of ladders, scaffolding and ropes; occasional balancing and stooping; no kneeling, crouching or crawling; and no exposure to extreme cold or wetness.  In addition, the claimant is limited to only simple, routine, repetitive tasks and only incidental contact with co-workers, supervisors and the general public.

(Tr. 13).  With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a patcher.  (Doc. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 16, 2010.  (Tr. 1-3).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 5).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 10, 11).

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d

-2-

964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

-3-

economy given his age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only

if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work

experience in light of his residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138,

1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**III.   Discussion**:

        Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the

most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability

claimant has the burden of establishing his or her RFC.  See Masterson v. Barnhart, 363 F.3d

731, 737 (8th Cir.2004).  "The ALJ determines a claimant's RFC based on all relevant evidence

in the record, including medical records, observations of treating physicians and others, and the

claimant's own descriptions of his or her limitations."  Eichelberger v. Barnhart, 390 F.3d 584,

591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).  Limitations

resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. §

404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a

"claimant's residual functional capacity is a medical question."  Lauer v. Apfel,  245 F.3d 700,

704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be

supported by medical evidence that addresses the claimant's ability to function in the

workplace."  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

        In finding that Plaintiff was able to perform sedentary work with limitations, the ALJ

stated he gave "significant weight to the consultative psychiatric evaluation" performed by Dr.

Robert Hudson in March of 2010.  (Tr. 15).  The ALJ noted that Dr. Hudson found Plaintiff "had

no significant limits on completion of tasks in a timely manner and is able to maintain

-4-

friendships indicating some social ability." (Tr. 15). The ALJ also pointed out that Plaintiff was able to work nineteen hours per week at a video store owned or managed by Plaintiff's girlfriend's mother.

What is troubling to the undersigned is that while the ALJ stated he gave significant weight to Dr. Hudson's opinion, the ALJ failed to address the Medical Source Statement completed by Dr. Hudson on March 21, 2010, indicating that Plaintiff had moderate[1] to marked[2] limitations in more than two areas of functioning. (Tr. 573-575). A review of this statement revealed that Dr. Hudson opined Plaintiff had moderate to marked limitations in the following areas: the ability to interact appropriately with the public; the ability to interact appropriately with supervisors; the ability to interact appropriately with co-workers; and the ability to respond appropriately to usual work situations and to changes in a routine work setting. (Tr. 574). Dr. Hudson also found that Plaintiff had extreme limitations in performing complex tasks. (Tr. 573). While the ALJ found Plaintiff could only do simple routine and not complex tasks, the ALJ failed to address Dr. Hudson's opinion that Plaintiff's "ability to do simple thing[s] is compromised due to personality factors." (Tr. 573). As the only other mental RFC of record is that of Dr. Vann Arthur Smith, who opined Plaintiff had even more serious limitations than those found by Dr. Hudson, the Court finds remand necessary for the ALJ to more thoroughly discuss the complete findings of Dr. Hudson when determining Plaintiff's RFC.

As Dr. Hudson did not have Plaintiff's complete medical file to review prior to

---

[1]Moderate is defined as more than a slight limitation in this area but the individual is still able to function satisfactorily. (Tr. 573).

[2]Marked is defined as a serious limitation in this area. There is substantial loss in the ability to effectively function. (Tr. 573).

(Rev. 8/82)

completing the medical source statement, the ALJ is directed to address interrogatories to Dr. Hudson asking him to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question, and to give the objective basis for his opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question.

The Court also notes that while Dr. Hudson stated that he would not diagnose Plaintiff with a cognitive disorder, Dr. Hudson indicated that a WAIS[3] would be required to determine Plaintiff's cognitive ability.  The Court strongly recommends that the ALJ more fully and fairly develop the record regarding Plaintiff's cognitive ability.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of April, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[3]Wechsler Adult Intelligence Scale.

-6-